

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

September 19, 2017

***VIA* ELECTRONIC CASE FILING**

The Honorable Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

        **Re:**     **Piccolo v. Top Shelf Provisions, et al.**
                **16-CV-06930 (GRB)**

Your Honor:

       This firm is counsel to Louis Piccolo, Plaintiff, in the above-referenced action. We respectfully submit the foregoing in support of our Motion to Strike several of Defendants' Affirmative Defenses pursuant to Fed. R. Civ. P. 12(f). The parties met and conferred telephonically on this matter on September 13, 2017 and were unable to resolve the issue.

Applicable Legal Standard

       Federal Rule of Civil Procedure 12(f) provides that a party may make a motion to strike any affirmative defenses within 21 days after service of a pleading to which no responsive pleading is permitted. *See* Fed. R. Civ. P. 12(f). Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike a defense as insufficient where "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense." *Equal Employment Opportunity Comm'n v. United Parcel Serv.*, No. 15-CV-4141 (MKB) (CLP), 2017 WL 2829513, at *6 (E.D.N.Y. June 29, 2017). Increased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense. *Id.*


**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

September 19, 2017
Page 2 of 4

<u>Defendants' Ninth Affirmative Defense</u>

Defendants' Ninth Affirmative Defense seeks to hold Plaintiff accountable for their failure to satisfy their obligations under the FLSA and NYLL to record the number of hours worked by Plaintiff and other potential collective and class action members.

<u>Defendants' Tenth Affirmative Defense</u>

It constitutes bad faith for Defendants to suggest, as they do here, that Plaintiff's claims should be barred for his own alleged bad faith or inequitableness. Plaintiff has not engaged in any conduct that could be considered "unclean." *See Obabueki v. Int'l Bus. Machs. Corp.*, 145 F.Supp.2d 371, 401 (S.D.N.Y.2001) (striking unclean hands defense explaining that pleading the words "unclean hands" without more offered the plaintiff no indication about how the doctrine would bar his claims).

<u>Defendants' Eleventh Affirmative Defense</u>

Plaintiff has never waived any of his rights under the FLSA or the NYLL. Defendants' affirmative defense serves no legitimate purpose. Rather it is brought only to harass, cause further undue delay, and seeks to exhaust party time and resources in successfully defeating the affirmative defense.

<u>Defendants' Thirteenth Affirmative Defense</u>

Defendants have not been prejudiced in any way based upon time timeliness of Plaintiff's litigation. Defendants' affirmative defense is brought only to harass, cause further undue delay, and seeks to exhaust party time and resources in successfully defeating the affirmative defense.

<u>Defendants' Fourteenth Affirmative Defense</u>

Defendants' affirmative defense is brought only to harass, cause further undue delay, and seeks to exhaust party time and resources in successfully defeating the affirmative defense.

<u>Defendants' Fifteenth Affirmative Defense</u>

Plaintiff's claims under the FLSA and the NYLL are predicated upon Defendants' failure to compensate Plaintiff earned, but uncompensated, overtime wages. It is well settled that a plaintiff bringing an action for unpaid wages has no legal duty to mitigate


Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

September 19, 2017
Page 3 of 4

damages. *See Cava v. Tranquility Salon & Day Spa, Inc.*, No. 13-CV-1109 (JS) (ARL), 2014 WL 655372, at *4 (E.D.N.Y. Feb. 20, 2014).

Defendants' Seventeenth Affirmative Defense

Plaintiff sets forth viable claims under both the Fair Labor Standards Act and the New York Labor Law. It is clear that claims for unpaid overtime under both the FLSA and the NYLL, if successful, may result in an award of attorneys' fees. *See* 29 U.S. Code § 216(b) and NY Lab. L. § 198.

Defendants' Eighteenth Affirmative Defense

Plaintiff did not fail to adhere to any notice requirement prior to filing his claims under the FLSA and NYLL. Defendants' affirmative defense serves only to harass, cause further undue delay, and seeks to exhaust party time and resources in successfully defeating the affirmative defense.

Defendants' Twenty-Seventh Affirmative Defense

Defendants fail to set forth any allegations that would factually or legally support their assertion. Further, Defendants' affirmative defense serves only to harass, cause further undue delay, and seeks to exhaust party time and resources in successfully defeating the affirmative defense

Defendants' Thirty-Second Affirmative Defense

The cessation of Plaintiff's employment is irrelevant in this dispute centered upon his entitlement to overtime wages for each hour worked in excess of forty (40) hours in a given workweek. To the extent Defendants claim that Plaintiff is not entitled to overtime wages because they could have fired him at an earlier time, had they been aware of alleged misconduct, there is no legal support of this defense. That Defendants may have terminated Plaintiff's employment at an earlier time has no impact on his entitlement to overtime wages for the hours he worked.

Defendants' Thirty-Third Affirmative Defense

It is well settled that a private cause of action exists under NYLL § 195. NYLL § 198(1)(d) states: "If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action..." Thus, it is clear, from the statutory language of the NYLL, that a private cause of action exists under NYLL §195.


Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

September 19, 2017
Page 4 of 4

  We remain available should Your Honor require additional information regarding this submission.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Saul D. Zabell
SDZ/re

Encl.

cc: Client
  Defendants' Counsel (*via* Electronic Case Filing)