# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

Author: Joseph M. Labuda – Member †
Direct E-Mail Address: joelabuda@mllaborlaw.com
Direct Dial: (516) 303-1380

August 1, 2018

**VIA ECF**
Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      RE:    **Louis Piccolo et al. v. Top Shelf Provisions Co. Inc.,** *et al.*
             **Case No.: 16-cv-6930 (JFB) (GRB)**
             **MLLG File No.: 141-2017**_____

Dear Judge Brown:

      Enough is enough.

      This law firm represents Defendants in the above-referenced matter. Defendants seek sanctions against Plaintiffs and/or Plaintiffs' counsel, Saul Zabell, for conduct that occurred during the deposition of Anthony Cicciari on July 25, 2018.[1] Specifically, Plaintiffs refused to allow Defendants to cross-examine the witness at the end of Plaintiffs' direct-examination in violation of FRCP 30(c)(1). Further, Plaintiffs instructed the court reporter to leave so as not to afford Defendants the opportunity to cross-examine the witness. In addition, Plaintiffs called the police to forcible remove Defendants even though the deposition had not been concluded. Defendants immediately contacted the Court to obtain a ruling. However, the Court indicated that it would not make a ruling because there was no court-reporter present and to make the instant application in writing. This letter is Defendants' application and motion.

      Rule 30(c)(1) of the Federal Rules of Civil Procedure specifically provides for the examination and cross-examination of a witness during a deposition. See Rule 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence…). Plaintiffs refused to allow cross-examination citing an incorrect and improper excuse that "Defendants had not noticed any cross examination." There is no such notice requirement. In fact, the F.R.C.P. contemplates just the opposite - that examination and cross-examination of a deponent occur as it would in a trial setting. See also Sperling v. City of Kennesaw Dept., 202 F.R.D. 325, 329 (N.D. GA. 2001), Luangisa v. Interface Operations, 2011 WL 6029880, at *6 (D. Nev. Dec. 5, 2011) ("examination and cross-examination of witness during depositions should proceed as it does at trial").

      In the instant matter, Plaintiffs conduct warrants sanctions since he interfered with the deposition that should proceed as "it would at trial." See Landers v. Kevin Gros Offshore, LLC, 2009 WL 2046587, at *4 (E.D. La. July 13, 2009) ("the record demonstrates that counsel… repeatedly failed to conduct his examination… as he would at the trial and denied the witness the same rights and privileges due a witness testifying in court at a trial. Sanctions will be imposed."); GMAC Bank v. HTFC Corp., 248 FRD 182, 186 (E.D. PA. 2008) (granting sanctions for "1) engaging in hostile, uncivil, and vulgar conduct; 2) impeding, delaying, and frustrating for examination…"). As fully outlined below, this is the exact

---

[1] Defendants respectfully request for leave to submit an additional 2 pages based on the seriousness of the motion.

conduct engaged by Plaintiffs who must be similarly sanctioned as other Courts have done for equally outrageous conduct.

Defendants waited 45 minutes from the time that Plaintiffs refused to allow the witnesses' cross-examination to occur until they were able to contact the Court, which indicated that the matter must be submitted in writing since no court reporter was present after Plaintiffs' Counsel directed the reporter to leave. While waiting direction from the Court to resolve the issue, Plaintiffs' Counsel had the audacity to call the police to have Defendants arrested in an attempt to bully, intimidate and further thwart Defendants' rights under the Federal Rules.

Plaintiffs' conduct is even more outrageous when viewed in the totality of the case. On June 5, 2018, Defendants deposed opt-in Plaintiff John Sudlow. At the end of Sudlow's deposition, Plaintiffs afforded themselves of the exact same right of cross-examination under F.R.C.P. 30(c)(1) and asked Mr. Sudlow cross-examination questions at the end of Defendants' direct examination (which Defendants consented to without calling law enforcement). Only weeks later, Plaintiffs now refused to provide the same courtesy and opportunity of cross-examination to Defendants in violation of the F.R.C.P. (See excerpt of Plaintiff John Sudlow deposition dated June 5, 2018, attached hereto as Exhibit A). This is the height of hypocrisy and reeks of bad-faith and unprofessionalism.

This is all on top of Plaintiffs' counsel calling Defendants' counsel a "moron" at least five (5) times and repeatedly telling Defendants' counsel to "shut up" at the deposition of Defendant Richard Dahlem only the day before on July 24, 2018. (In this deposition, Plaintiffs' counsel repeatedly yelled at and improperly harassed the witness to the point where Mr. Dahlem (who recently had a stroke and heart attack) suffered an anxiety attack during the deposition and had to be treated at Stony Brook Hospital later that day.)

Plaintiffs counsel's conduct is more akin to a member of the mafia with his threats, bullying, and intimidation attempts than a member of the Bar. It is antithetical to how an attorney should conduct himself. In fact, Plaintiffs' counsel habitually creates a chaotic and circus-like environment in litigation which demeans and degrades the entire judicial institution. He constantly initiates disputes yet makes absolutely no attempt at resolution.

Plaintiffs' Counsel has a long and tortured history of abusing Milman Labuda Law Group ("Milman Labuda") and their clients. For example, Plaintiffs' Counsel actually named a Milman Labuda partner, Richard Milman, as a Defendant in a wage and hour lawsuit filed against a Milman Labuda client, Nemet Motors. He only removed Richard Milman from the Complaint when confronted with a Rule 11 motion. See Preston v. Nemet Motors et al., 13 CV 698 (E.D.N.Y.). Furthermore, Plaintiffs' Counsel regularly refers to other Milman Labuda attorneys as:

- Feltcher (which means a person who sucks the semen from another person's anus)
- Fat-slob
- By incorrect names
- Harasses administrative assistants on the phone where several have stated they will not take any further calls from Plaintiffs' Counsel

Furthermore, this is not the first time that Plaintiffs' Counsel has acted in an utterly reprehensible and rogue manner and he has been sanctioned by state and federal courts alike as well as state and federal administrative agencies. Nor is his conduct an "isolated incident" caused by some "personality conflict" between counsel as Plaintiffs' counsel has repeatedly and consistently engaged in these same well-worn antics, utilizing the same hackneyed obnoxious playbook to impede and obstruct numerous other litigations at each and every turn with other counsel, judges, deponents, witnesses, and other federal administrative agencies. It is clear that Plaintiff's Counsel cannot "play nice" in the sandbox regardless of his playmate. There can be little doubt that Plaintiffs' Counsel is an equal opportunity abuser. In fact,

there is a well-documented pattern and practice of Plaintiffs' counsels disruptive and improper conduct of the practice of law – disgraceful. Reported decisions of Plaintiffs Counsel's improper conduct include[2]:

- Zabell threatened witnesses at trial with **deportation** if they testified against his client and acted in an outrageous manner at trial where he is currently being investigated by the following three separate and distinct sections of the NLRB for further discipline: (1) Investigating Officer, (2) the Associate General Counsel, (3) Division of Operations Management for disciplinary action. See Deep Distribs. of Greater NY, 2017 NLRB LEXIS 320 (N.L.R.B. June 20, 2017).

    o "Zabell's apparent misconduct included the following unjustified and repeated behavior: **bullying and intimidating the General Counsel's witnesses**, including by **making threats to report them to immigration authorities**; falsely accusing the Union's president of threatening Zabell's safety and referring to him as a "felon"; summoning federal marshals to the courtroom and insisting on a police presence throughout the hearing; accusing the General Counsel of misconduct; and questioning the trial judge's competence and authority after rulings had been made." Id. at *11, fn.13

    o At one point during the hearing, Judge Steven Davis stated: "Mr. Zabell, I have never seen such misconduct engaged in by an attorney in these proceedings in my 43 years with the Board and 35 years as a judge. It's all on the record. I refer you to Sec. 102.177 of the Board's rules and regulations. You are put on notice that this is an admonishment and a reprimand. Your conduct before me, before we broke for lunch was improper, contemptuous, unprofessional, and constituted misconduct of an aggravated character. It will not be tolerated." Id. at *11, fn.14

During the Deep Distribs. hearing, Zabell stated and engaged in the following improper conduct:

    o  Zabell stated "**Immigration is here**" to Spanish speaking witnesses. Id. at *58
    o  Zabell stated "They are not going to get a penny from my client. This is a waste of time. **They are a bunch of immigrants** . . . if they get up to the stand and give a statement they will be committing perjury so **I'm going to take it to the grand jury so they can be deported**." Id.
    o  Zabell stated that he would call the "Immigration Service." Id. at *11
    o  Zabell yelling at witnesses. Id. at *60
    o  It should be noted that Zabell was asked 3 times to stop his conduct but it continued. (This is his typical modus operandi). Id. at *61
    o  Zabell raised his voice, yelling, and stated that "they are all illegal undocumented." Id. at *60

In conversations with the NLRB, it was revealed that Zabell also engaged in the following improper conduct

- Zabell physical sexually harassed an NLRB agent and told her that she "has a nice rack" as per the NLRB.

---

[2] Please note that these are only the reported decisions found by Defendants. Based on Zabell's history, it is likely that there are many many other Courts and agencies that have sanctioned Zabell. Defendants request the Court order that Zabell submit a list in writing to the Court of all instances when he has been admonished, reprimanded, censured, sanctioned or otherwise been counseled by a Court.

- Zabell is currently under investigation by the New York State Anti-Relation Task Force for similar threats of deportation to Claimants who filed wage claims as per the NLRB.
- A NYS DOL ALJ called the police due to Zabell's conduct during a hearing as per the NLRB.

Zabell is also presently under a Court Order from Judge Feuerstein not to engage in the following conduct directly due to his actions in Deep Distribs. where the the ALJ determined that the Union witnesses credibly testified that Zabell in the hearing room "told the employees that he would report them to the immigration authorities and that they would "not get a penny." Zabell and his client are under a Court Order not to:

- o   Threaten employees with termination because of their support for the Union;
- o   Threaten employees that supporting the Union is futile;
- o   Threaten employees with unspecified reprisals because of their Union activities and other protected, concerted activities;
- o   Threaten to report employees to government authorities because of their Union activities and other protected, concerted activities;
- o   Give employees the impression that Respondent is surveilling their Union activities;
- o   Interrogate employees regarding their protected, concerted activities;
- o   In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

See Drew-King v. Deep Distribs. of NY, 194 F.Supp.2d 191, 198 (E.D.N.Y. 2016).

In other cases, Zabell has been sanctioned and otherwise admonished by Courts as follows:

- Zabell reprimanded for his conduct at depositions. Scarpinato v. 1770 Inn, LLC, 2015 U.S. Dist. LEXIS 105428 (E.D.N.Y. Aug. 11, 2015) (Judge Seybert);
- Zabell reminded of his obligations under Rule 26.2 for his "unacceptable" conduct. Rodriguez v. Pie of Port Jefferson Corp., 2015 U.S. Dist. LEXIS 44355 (E.D.N.Y. Mar. 13, 2015) (Judge Brown);
- Zabell sanctioned for violating Court Order for improper conduct during a deposition. Chawla v. Metro. Oral Surgery Assocs., P.C., 2014 U.S. Dist. LEXIS 132541, (E.D.N.Y. Sept. 19, 2014) (Judge Scanlon);
- Court directing Zabell to review the local rules pertaining to cooperation among attorneys. Arizonis v. Suffolk Bus Corp., 2014 U.S. Dist. LEXIS 46453 (E.D.N.Y. Jan. 8, 2014) (Judge Brown);
- Zabell censured Zabell for his conduct at depositions, including being demeaning to both the witness and to opposing counsel and badgering a witness, and asking questions regarding plaintiffs' immigration status despite a protective order concerning same). Quintanilla v. Suffolk Paving Corp., 2012 U.S. Dist. LEXIS 132469, 18-20 (E.D.N.Y. Sept. 17, 2012) (Judge Tomlinson);
- Zabell sanctioned for engaging in unprofessional, condescending, rude, insulting and obstructive conduct. Cioffi v. Habberstad, 22 Misc. 3d 839 (N.Y. Sup. Ct. 2008).

Courts must consider prior conduct of counsel in issuing sanctions. See In re Ski Train Fire in Kaprun Aus. on November 11, 2000, 2007 U.S. Dist. LEXIS 60229, at 25 (S.D.N.Y. Aug. 16, 2007) (Reviewing **prior sanctions** in determining further sanctions); Dixon-Gales v. Brooklyn Hosp. Ctr., 35 Misc. 3d 676, 683 (N.Y. Sup. Ct. Kings 2012) citing Rivera v. Lutheran Med. Ctr., 866 N.Y.S. 2d 520

(2008), *affd* 73 A.D.3d 891 (2d Dep't 2010)) (holding that courts should consider an attorney's history of impropriety in a litigation when faced with a subsequent disciplinary motion.

In my 25 years as an attorney, I have never witnessed another attorney act in such a mean-spirited, infantile, bullying, and unprofessional conduct as Plaintiffs' counsel. In my nearly 50 years on earth, I have never experienced another human being act in such a primitive and obnoxious manner.

Defendants are obligated now to speak up.  To allow this conduct to continue without repercussions and sanctions is to condone the very conduct.  Enough is enough.

Defendants respectfully request that this Court issue the following sanctions against Plaintiffs and/or Plaintiffs' Counsel:

1. The conclusion of the deposition of Anthony Cicciari proceeds at Defendants counsel's offices at Defendants' convenience on notice to Plaintiffs.
2. The Cicciari deposition take place before a court-appointed referee or video to be paid by Plaintiffs and/or their Counsel.
3. Plaintiffs and/or Plaintiffs' Counsel pay for the time spent by both defense counsel and deponent waiting for court direction as to how to proceed with cross-examination deposition.  (45 minutes).
4. Plaintiff and/or Plaintiffs' Counsel pay for the court reporter for the continuation of the Cicciari deposition.
5. Plaintiff and/or Plaintiffs' Counsel pay for deponent's time traveling to and from the continued deposition.
6. Imposition of a $10,000 fine and/or sanctioned to be paid to Legal Defense Fund by Plaintiffs' Counsel. (Similar to Judge Scanlon's order).
7. Precluding Plaintiffs' Counsel from charging Plaintiff or anyone else for fees incurred in the continued deposition and the instant motion.
8. Plaintiffs and/or their Counsel pay for Defendant Counsel's time spent on the instant motion (8 hours).
9. Mandatory behavioral counseling for Plaintiffs' Counsel.
10. Require Plaintiffs' Counsel to submit a copy of this letter and the Court's order to all of Plaintiffs Counsel's present cases and at the inception of future cases for 1 year in federal, state and agency proceedings.
11. Referral of Plaintiffs' Counsel to the NYS Disciplinary Committee.
12. Referral of Plaintiffs' Counsel for this and all other conduct enumerated in this letter to the E.D.N.Y. and S.D.N.Y. Chief Judges for possible further discipline.

Enough is enough.

Dated:  Lake Success, New York
        August 1, 2018

                                       Very truly yours,

                                       *Joseph M. Labuda*

                                       Joseph M. Labuda

CC:   Client (via Email)
      Opposing Counsel (Via ECF)