Counseling and Advising Clients Exclusively on Laws of the Workplace

**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

August 22, 2018

**_VIA_ ELECTRONIC CASE FILING**

The Honorable Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: Piccolo v. Top Shelf Provisions, et al.
         16-CV-06930 (GRB)

Your Honor:

  This firm is counsel to Louis Piccolo, Plaintiff, and John Sudlow, Opt-In Plaintiff, in the above-referenced action. We write in opposition to Defendants' Motion for an Extension of Time in which to respond to Plaintiff's August 9, 2018 and August 10, 2018 Motions seeking Sanctions. [ECF Dkt. Nos. 102 & 103]. In reality, Defendants actually seek an Order setting aside their default. Defendants failed to respond in a timely manner. Their oppositions were due on August 16 and 17 respectively. Were this the first or even second time Defendants failed to comply with a deadline or Court Order, we may have consented to their application. However, the record confirms Defendants failed to comply with deadlines and Court Orders on no fewer than six (6) separate occasions. Accordingly, Defendants' application must be denied for the following reasons:

Defendants had Sufficient Time to Respond to the Motions

  Preliminarily, Defendants' application must be denied because they fail to demonstrate good cause for their failure to timely respond to Plaintiff's August 9 and August 10 motions. Mr. Labuda advised he was in the office on August 16 and August 17 and Mr. Joseph was in the office on August 9 and August 10. Notwithstanding their physical presence for four (4) combined days in which one of them should have responded to the Motion, or sought


Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

August 22, 2018
Page 2 of 3

leave for an extension of time, Mr. Labuda advised that the reason Defendants failed to respond was that it **"just wasn't done."** Upon further inquiry as to why Defendants failed to respond, we were advised that "it wasn't done for the same reason anything doesn't get done."

Notwithstanding what was written in their belated request, at no time did Mr. Labuda indicate that he was, in any way, prevented from responding because of court conferences, nor out of the office client meetings. Even when the question was posed if there was anything Mr. Labuda wanted us to consider, he withheld this information.

Defendants' History of Missed Deadlines and Failure to Comply with Orders

Were Defendants' lack of good cause, standing alone, not sufficient reason for their application to be denied, their pattern of failing to comply with deadlines and Court Orders demands that they not be afforded **yet another opportunity to file a late submission**. Defendants have failed to meet a deadline imposed by the Court, its Individual Rules of Practice, or the Federal Rules of Civil Procedure on six (6) separate occasions.

First, Defendants failed to respond to each aspect of Plaintiff's Motion to Compel Discovery filed on October 20, 2017 [ECF Dkt. No. 58]. Next, Defendants failed to timely respond to Plaintiff's Motion to Strike Affirmative Defenses. Defendants were permitted to file a late opposition despite an August 10, 2018 Order that stated that **no further extensions of time would be granted**.[1] Defendants then failed to comply with the Courts' November 20, 2017 Order granting Collective Action as they did not provide Plaintiff with the list of employees by the December 1, 2018 deadline. On December 12, 2017, Defendants filed a motion for an extension of time to provide Plaintiff with a list of class members [ECF Dkt. No. 75]. The Court once again granted Defendants' application over Plaintiff's opposition. Defendant then failed to provide complete lists of employees on December 15, 2017 and December 21, 2017. The calendar change proved no different as in January 2018 Defendants refused to provide Plaintiff with the deposition availability of the two (2) individual Defendants prior to the February 5, 2018 deadline to complete discovery. **On April 13, 2018, this Court once**

---

[1] We note that this Order was issued after Defendants received five (5) separate extensions of time to respond to the Complaint and received an extension of time to respond to Plaintiff's August 16, 2017 Motion for Collective Action Certification.



August 22, 2018
Page 3 of 3

**<u>again ordered that "no further extensions or adjournments will be granted absent manifest injustice."</u>** Defendants subsequently failed to respond to the combined discovery requests served upon them on April 13, 2018. Specifically, Defendants did not respond until May 18, 2018, and the interrogatory response provided on behalf of Defendant Cicciari is a fundamental issue raised in Plaintiff's August 10, 2018 Motion to Compel.

The catalyst of almost every dispute in this litigation has been Defendants' manifest disregard for Court deadlines and their deficient and inconsistent legal product. It appears that Defendants consider both deadlines and Orders of this court to be suggestive in nature, unworthy of respect or even simple acknowledgment. Any ruling that allows Defendants to continue this wanton disregard will only encourage future violations of orders of the court, the FRCP, Local Civil Rules and Individual Rules of the Court.

Lastly, we feel compelled to address a related issue which has thus far, permeated this litigation. The Court has demonstrated through its Orders and concurrent commentary, a certain perception of Plaintiff's counsel. Defendants' counsel has latched on the Court's manifestation of this perception and effectively changed the lens through which all disputes in this case are viewed. We respectfully ask that this and future case disputes be weighed on the underlying merits and not otherwise colored by matters peripheral to those at hand. Or in other words, I ask the court to reconsider its perceptions or in the alternative that my actions be held against me and me alone, not imputed to Plaintiffs rights to pursue justice.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Saul D. Zabell

cc: Client
Joseph M. Labuda, Esq.; Brett W. Joseph, Esq. (*via* Electronic Case Filing)