UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOUIS PICCOLO, *et ano.*

                        Plaintiffs,

**<u>ORDER</u>**

         -against-                               CV 16-6930 (GRB)

TOP SHELF PRODUCTIONS, INC., et al.

                        Defendants.
------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

Once again, in this FLSA action -- before the undersigned for all purposes on consent of the parties (DE 33) -- the Court is called upon to decide requests for sanctions. These motions, like their predecessors, grow out of the inability of or refusal by counsel for both parties to act with a modicum of courtesy toward each other despite repeated gentle reminders, verbal cautioning and, in one instance to date, the imposition of sanctions and costs.

**Background**

Just a little over a year ago, after concerted effort by the Court to facilitate a settlement, the parties sought and the Court directed the preparation of a discovery schedule in this action. Electronic Order dated August 1, 2017. It did not take long, following the commencement of discovery, for this matter to go off the rails. Without rehashing the seeming endless complaints and accusations, and what can only be characterized as a cavalcade of name-calling by counsel, it will suffice, for these purposes, to note that the Court entered orders on no less than eight occasions during the balance of 2017, reminding counsel of their obligations of professional

1

courtesy and cooperation in the discovery process.  *See, e.g.*. Electronic Orders dated August 4, 2017 ("counsel are reminded of their obligation of professional cooperation and courtesy and are directed to review Local Civil Rule 26.4 'Cooperation Among Counsel in Discovery'"); August 10, 2018 ("counsel for both parties are cautioned to carefully heed the cooperation requirements contained in the Local Rules.  Failure to do so will result in remedial measures that will prove costly and inconvenient for all parties"); September 6, 2018 (directing counsel again to review Local Civil Rule 26.4, and reminding them of "the undersigned's caution to them in the Court's Order dated 8/10/17"); two Orders dated September 27, 2017 ("counsel are reminded of their obligation of professional cooperation and courtesy in all phases of the discovery process"); 11/1/17 ("counsel are reminded of their continued obligation of professional cooperation and courtesy in this case"); 11/13/17 (same).  For avoidance of doubt, these precatory warnings were not pro forma verbiage by this Court; rather they were reflective of indicia that the discovery process had veered off course by the inappropriate conduct of both counsel.

In yet another indication that the process was failing, both counsel decided to open the Pandora's box of sanctions motions. DE 73 (Plaintiff's application for sanction based on a panoply of perceived discovery issues); DE 75 (defendants' application for sanctions based on purported verbal abuse by Mr. Zabell); DE 76 (Plaintiff's application for sanctions predicated on failure to produce certain information).  All of those applications were denied, but on December 14, 2017, the Court issued the following admonishment:

> This Court has already had occasion -- in at least SIX instances in this case -- to remind counsel of their duties to cooperate with each other as prescribed by Local Civil Rule 26.4 Counsel is hereby cautioned that any further such allegations will result in an evidentiary hearing. Should any dilatory or inappropriate conduct be established at such a hearing, the result will be most unfortunate, as appropriate sanctions will be imposed.

Electronic Order dated December 14, 2017. That same day, the Court denied yet another motion for sanctions, noting that "[t]he parties should resolve such disputes, acting as professionals, without court intervention." Electronic Order denying Motion to Compel, dated December 14, 2017.

After a brief respite, problems began anew, leading the Court to again issue admonitions to counsel for their inappropriate and unprofessional conduct. *See* Electronic Order dated 4/13/18 ("Counsel are reminded of their continuing obligation of professional cooperation and courtesy, including in matters relating to scheduling of the deposition and completion of discovery"); 6/1/18 ("Such disputes make one wonder about the familiarity of all counsel with the meet and confer rule and their duty to cooperate during discovery, despite this Courts repeated admonitions in this regard"); 8/1/18 ("counsel for all the parties are reminded to heed their obligation of professional cooperation and courtesy contained in the Local Rules. Failure to do so will result in remedial measures that will prove costly and inconvenient for all parties."); 8/2/18 (same).

Already floundering due to repeated instances of unprofessional conduct by both counsel, the case ran aground at a deposition of the defendant at which "Zabell had (1) terminated a deposition of Labuda's client though Labuda had requested to conduct some follow-up questions of his own client; (2) unilaterally dismissed the court reporter while Labuda was attempting to contact the undersigned for a ruling, and (3) summoned the police to his office to have Labuda and his client removed." Electronic Order dated 8/6/18. In considering this particular instance of unprofessional conduct, in years on the bench, and having supervised discovery in thousands of cases, this writer cannot recall its equal. As such, having no other alternative, the Court

imposed sanctions against Mr. Zabell including the payment of fees and costs as well as a $1,000 charitable donation. Any hope that this would quell the *ad hominem* attacks between counsel would soon be dashed.

**Additional Motions for Sanctions**

Plaintiff has now made two motions for sanctions. Remarkably, notwithstanding the contentious history of this matter, counsel for defendant has failed to respond to either. Counsel for defendant filed an untimely letter seeking to extend the time to respond to these motions to August 24 based on Mr. Labuda's absence due to a vacation. DE 106. While the Court did not grant that extension, even had counsel prevailed, the response date sought in the extension application has long since passed. Given the serious allegations in at least one of the motions, counsel's failure to respond is, to say the least, surprising. Thus, while the Court could grant these motions as unopposed, the undersigned will nevertheless examine the merits of the motions.

The first is easily dispatched. DE 102. Plaintiff seeks the imposition of sanctions based upon a purported forged signature by one of the individual defendants on a set of interrogatory responses. The proof of this alleged forgery requires several evidentiary leaps, and the Court is not prepared to rule on this in a vacuum. In any event, no sanctions need be imposed as the issue is self-remedying: (1) these interrogatory answers will be treated as binding upon defendants and (2) plaintiffs' counsel is free to use the highly-effective tool of cross-examination to explore any purported improprieties at trial. The motion for sanctions is therefore denied.

The second motion requires a bit more analysis. Here, Mr. Zabell seeks the imposition of remedies based on purportedly improper conduct in connection with the continued deposition of

4

defendant Dahlem pursuant to the undersigned's order at an in-court hearing on June 27, 2018. Pursuant to that order, Dahlem was to appear at the office of plaintiff's counsel for three hours of deposition testimony. Plaintiff complains that Mr. Labuda unilaterally reduced the timeframe of the deposition to two hours – without express justification – and then catalogs what is purported to be time-wasting tactics by Mr. Labuda. DE 103. While it is difficult to separate out valid complaints in this matter given the unbroken din of grievances in counsels' letters to the Court, portions of the deposition transcript provided to the Court on this motion reveal some significant problems. DE 103, Ex. 1-3. Even the small portions provided evidence allegations of insults, raised voices, redundant questioning and seemingly unnecessary interruptions. *Id.* Mr. Labuda repeatedly directed his client not to answer questions without the assertion of a privilege. "Absent a claim of privilege, instructions not to answer questions at a deposition are improper." *SourceOne Dental, Inc. v. Patterson Companies, Inc.*, 2017 WL 9527377, at *2 (E.D.N.Y. Feb. 3, 2017)(quoting cases).

Of greater concern was the conduct of the witness. Mr. Dahlem repeatedly avoided questioning by indicating that he needed to "check" certain documents which had not been produced. *See generally*, DE 103, Ex. 3. Moreover, the witness engaged in exchanges with counsel which evidence an animus toward counsel as well as intent to avoid proper participation in the deposition, including the following:

> Q. You don't recall. Well, could you take a look [at your cell phone] now and see if you have deleted it?
>
> A. I mean, I really don't have time. You have got three minutes left so it's up to you.
>
> Q. I don't believe I do. I have a lot more time.

A. Well, I'm leaving, okay.

*　　　　　　　*　　　　　　　*

MR. ZABELL: For the record, Mr. LaBuda, I find your and your client's behavior again reprehensible.

THE WITNESS: What do you say about your behavior? It's a joke.

*Id.* at 377-78, 381.  Based on the record here, it is impossible to discern whether the witnesses responses in this situation is based solely upon a disregard for the process, or was exacerbated by harsh treatment at the hands of plaintiffs' counsel.  But it clearly reflects a lack of proper decorum by the witness as well as a failure of defense counsel to properly advise his client.

So some remedy is called for.  Plaintiff is correct that he is entitled to continue the deposition, and at the expense of defendant Dahlem.  Unfortunately, the unduly litigious environment created by both counsel has made it impossible for this matter to proceed in the ordinary course.  Thus, the Court hereby directs that defendant Dahlem will be deposed in the courtroom for ninety minutes, with the undersigned in attendance.  Counsel are warned that any improper conduct will result in significant sanctions.   Furthermore, defendant Dahlem and his counsel are advised to produce in advance any documents which he will reasonably be required to refer to, and said documents will be made available during the deposition.  Counsel will submit mutually agreeable dates and times within five days of this decision; failing this the deposition will commence on [date] and [time], as this matter is set for trial in November.  Counsel for defendant Dahlem will provide a court reporter and arrange to compensate that reporter at the expense of the defendant.

**Further Comments by Mr. Zabell**

Mr. Zabell included the following statement in his reply papers on this motion, which I reproduce here in its entirety so as to not mischaracterize it in any way:

> Lastly, we feel compelled to address a related issue which has thus far, permeated this litigation. The Court has demonstrated through its Orders and concurrent commentary, a certain perception of Plaintiffs counsel. Defendants' counsel has latched on the Court's manifestation of this perception and effectively changed the lens through which all disputes in this case are viewed. We respectfully ask that this and future case disputes be weighed on the underlying merits and not otherwise colored by matters peripheral to those at hand. Or in other words, I ask the court to reconsider its perceptions or in the alternative that my actions be held against me and me alone, not imputed to Plaintiffs rights to pursue justice.

DE 107 at 3. This statement, arguably an attack on the fairness of the Court, would prove offensive if it were not demonstrably false and transparently manipulative.[1]

The record of this case makes it abundantly clear that the undersigned has extensively endeavored to treat all parties and counsel in this case with courtesy, respect and fairness, even though the conduct of both counsel has frequently lapsed into the unprofessional. One could argue that this decision reflects the Court's willingness to remain open-minded despite the counsel's tactics. Moreover, an examination of the history of this matter not only reflects an evenhanded approach to legitimate disputes, but express reassurance to counsel that their conduct had not been held against them or their clients. *See, e.g.,* DE 90 at 5 ("Mr. Zabell, despite appearances to the contrary, I like you very much. I have great respect for your work. But your tendency for zealous representation can get you in trouble sometimes"), 6 ("I think [Mr. Zabell is] very good. And he does a good job for his clients"). And while Mr. Zabell may be disaffected by this Court's granting a sanctions motion against him, given the outrageous nature

---

[1] The Court does not interpret this assertion as a motion for recusal. Of course, if Mr. Zabell truly believes that the Court has not been or will not be fair to his clients, he should make such a motion in this or any other case. To avoid further prejudice and delay, any such motion should be filed within ten days of this order.

7

of his conduct, the Court's response was quite restrained.

Mr. Zabell has had a long history litigating before the undersigned. Not all of those cases have been without issue. *Rodriguez v. Pie of Port Jefferson Corp.*, No. CV 14-0519 LDW GRB, 2015 WL 1513979, at *1 (E.D.N.Y. Mar. 13, 2015) ("Throughout this contest, Mr. Zabell has laced his correspondence with unhelpful invective and ad hominem attacks against his adversary") *Arizonis v. Suffolk Bus Corp.*, No. CV 13-0964 JFB GRB, 2014 WL 1379639, at *1 (E.D.N.Y. Jan. 8, 2014)("Counsel argue their positions without citation to any authority"). Nevertheless, Mr. Zabell, on behalf of his client, consented to the undersigned's jurisdiction for all purposes in this case. DE 33. This would suggest that counsel has formed an opinion that this Court has not permitted instances of less than exemplary conduct by counsel to affect its decisionmaking.

If the parties have been prejudiced by delay and unnecessary litigation costs, the fault for that prejudice rests entirely with counsel in this matter, both of whom have handled this matter in a needlessly contentious fashion. Such tactics will no longer be tolerated.

## CONCLUSION

Defendants' motion for an extension to respond to the aforementioned motions is DENIED as moot. Plaintiffs' motion for sanctions relating to Mr. Dahlem's deposition is GRANTED in part and DENIED in part, as discussed in detail above. All other relief sought by plaintiff in the pending motions are denied.

Dated: Central Islip, New York
      September 13, 2018

                                                /s/ Gary R. Brown

GARY R. BROWN
United States Magistrate Judge