**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
**LOUIS PICCOLO, individually and on behalf of** :
**those individuals similarly situated** :    16-CV-06930 (GRB)
:
      **Plaintiff,** :    DEFENDANTS' PROPOSED
   -against- :    <u>VERDICT FORM</u>
:
**TOP SHELF PROVISIONS CO. INC., RICH** :
**DAHLEM and ANTHONY CICCIARI** :
X
      **Defendants**
-------------------------------------------------------------

With respect to each of the causes of action, as outlined below, answer the following questions:

**I.    Fair Labor Standards Act & New York Labor Law**

   A. Did Defendants earn an annual dollar volume of sales or business of at least $500,000.00 in the following years:

      2013?
            _____ Yes         _____ No

      2014?
            _____ Yes         _____ No

      2015?
            _____ Yes         _____ No

      2016?
            _____ Yes         _____ No

   B. Were Plaintiffs each personally engaged in interstate commerce or in the production of goods for interstate commerce?

| Plaintiff | Yes | No |
|---|---|---|
| Piccolo | | |
| Sudlow | | |

   C. Did Defendants have the power to hire and fire Plaintiffs Piccolo and Sudlow? Please use the chart below to answer for each Defendant.

Piccolo

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

Sudlow

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

D. Did Defendants supervise and control Plaintiffs Piccolo and Sudlow's work schedules or other work conditions? Please use the chart below to answer for each Defendant.

Piccolo

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

Sudlow

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

E. Did Defendants determine Plaintiffs' Piccolo's and Sudlow's rate and method of payment? Please use the chart below to answer for each Defendant.

Piccolo

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

Sudlow

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

F. Did Defendants maintain employment records for Plaintiffs Piccolo and Sudlow? Please use the chart below to answer for each Defendant.

Piccolo

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

Sudlow

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

G. Were Defendants the employers of Plaintiffs Piccolo and Sudlow? Please use the chart below to answer for each Defendant.

Piccolo

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

Sudlow

| Defendant | Yes | No |
|---|---|---|
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

H. Were Plaintiffs paid for all hours worked by Defendants? Please use the chart below to answer for each Plaintiff.

| Plaintiff | Yes | No |
|---|---|---|
| Piccolo | | |
| Sudlow | | |

I. What hourly rates were Plaintiffs Piccolo and Sudlow paid by Defendants? Please use the chart below to answer for each Plaintiff.

| **Plaintiff** | **Regular Rate** | **Overtime Rate** | **Yes/No** |
|---|---|---|---|
| Piccolo | $25.64 | $38.47 | |
| | $18.20 | $27.30 | |
| (*other hourly rate*) | $_____ | $_____ | |
| Sudlow | $13.00 | $19.50 | |
| | $8.38 | $12.58 | |
| (*other hourly rate*) | $_____ | $_____ | |

J. What was the average amount of hours that Plaintiffs Piccolo and Sudlow worked for Defendants? Please use the chart below to answer for each Plaintiff.

| **Plaintiff** | **Average Hours Worked** | **Yes/No** |
|---|---|---|
| Piccolo | 50 | |
| | 65 | |
| (*other average hours*) | _____ | |
| Sudlow | 50 | |
| | 65 | |
| (*other average hours*) | _____ | |

K. Were Plaintiffs highly compensated employees? Please use the chart below to answer for each Plaintiff.

| **Plaintiff** | **Yes** | **No** |
|---|---|---|
| Piccolo | | |
| Sudlow | | |

L. Were Plaintiffs executive employees? Please use the chart below to answer for each Plaintiff.

| **Plaintiff** | **Yes** | **No** |
|---|---|---|
| Piccolo | | |
| Sudlow | | |

M. Were Plaintiffs outside salespeople? Please use the chart below to answer for each Plaintiff.

| **Plaintiff** | **Yes** | **No** |
|---|---|---|
| Piccolo | | |
| Sudlow | | |

4

N. Did Defendants have a good faith basis for how they paid Plaintiffs?

_____ Yes        _____ No

O. Were Defendants obligated to provide annual wage notices to Plaintiffs Piccolo and Sudlow? Please use the chart below to answer for each Defendant.

Piccolo

| Defendant | Yes | No |
| --- | --- | --- |
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

Sudlow

| Defendant | Yes | No |
| --- | --- | --- |
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

P. Were Defendants obligated to provide a wage statement to Plaintiffs Piccolo and Sudlow for every pay period Defendants issued Plaintiffs Piccolo and Sudlow compensation? Please use the chart below to answer for each Defendant.

| Defendant | Yes | No |
| --- | --- | --- |
| Top Shelf Provisions Co. Inc. | | |
| Rich Dahlem | | |
| Anthony Cicciari | | |

Q. Was Defendants' obligation to provide notice obviated because Plaintiffs were properly paid? Please use the chart below to answer for each Plaintiff.

| Plaintiff | Yes | No |
| --- | --- | --- |
| Piccolo | | |
| Sudlow | | |

_____
**FOREPERSON**


_____
**DATE**

Dated: Lake Success, New York
November 2, 2018

                          Respectfully submitted,

                          **MILMAN LABUDA LAW GROUP PLLC**

                          _____/s_____
                          Joseph M. Labuda, Esq.
                          Brett W. Joseph, Esq.
                          3000 Marcus Avenue, Suite 3W8
                          Lake Success, NY 11042-1073
                          (516) 328-8899 (office)
                          (516) 328-0082 (facsimile)
                          joe@mllaborlaw.com
                          brett@mllaborlaw.com