**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
**LOUIS PICCOLO, individually and on behalf of** :
**those individuals similarly situated** :     **16-CV-06930 (GRB)**
:
**Plaintiff,** :     **DEFENDANTS' AMENDED**
**-against-** :     **PROPOSED JURY**
:     **INSTRUCTIONS**
**TOP SHELF PROVISIONS CO. INC., RICH** :
**DAHLEM and ANTHONY CICCIARI** :
X
**Defendants** :
------------------------------------------------------------

Pursuant to this Court's Individual Practice Rules ¶ IV(B) and pursuant to the provisions of

Rule 51(a) of the Federal Rules of Civil Procedure, Defendants, Top Shelf Provisions Co. Inc.,

Rich Dahlem, and Anthony Cicciari, respectfully request that the Court issue the following

instructions to jurors at the close of the evidence:

Members of the Jury:

Now that the evidence has been presented and the attorneys have concluded their closing

arguments, it is my responsibility to instruct you on the law that governs this case.

## GENERAL INSTRUCTIONS

[General instructions will be prepared by the Court pursuant to this Court's Individual

Practice Rules]

## SUBSTANTIVE JURY INSTRUCTIONS

### General Introductory Remarks

In this case, Plaintiff Louis Piccolo and opt-in Plaintiff John Sudlow bring claims under

the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law,

N.Y. Labor Law § 190 et seq., against Defendants.

1

Plaintiffs also bring claims under the common law for conversion, unjust enrichment, and – pled in the alternative to unjust enrichment – *quantum meruit*.

### A.  Fair Labor Standards Act

Under the Fair Labor Standards Act, you must determine whether there were violations of the minimum wage and overtime laws.  You must first determine whether Plaintiffs were employees of each Defendant during the relevant time period.  You must also determine whether Plaintiffs were employees engaged in commerce or the production of goods for commerce, or that they each were employed by an enterprise engaged in commerce or the production of goods for commerce. You must also determine whether Defendants failed to pay minimum wage and overtime as required by law.  See Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353 (8th Cir. 1986); see also Reich v. ConAgra, Inc., 987 F.2d 1357, 1360 (8th Cir. 1993); United States v. Rosenwasser, 323 U.S. 360, 363 (1945).

Under the Fair Labor Standards Act, the minimum wage was $7.25 and the overtime wage was $10.88 at all relevant times.

### B.  New York Labor Law

Under the New York Labor Law, Plaintiffs Piccolo and Sudlow have the burden of proving only the first and third of these elements.

The New York Labor Law provides that an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate according to federal law.  See 12 NYCRR § 143-3.2.

Under the New York Labor Law, the minimum wage and overtime rates for the relevant periods were as follows:

| Time Period | Minimum Wage Rate | Overtime Rate |
|---|---|---|
| 1/1/2013 – 12/30/2013 | $7.25 | $10.88 |
| 12/31/2013 – 12/30/2014 | $8.00 | $12.00 |
| 12/31/2014 – 12/30/2015 | $8.75 | $13.13 |
| 12/31/2015 – 12/30/2016 | $9.00 | $13.50 |

Plaintiffs Piccolo and Sudlow assert that they are employees of Defendants and not paid properly. Defendants assert that Plaintiffs were properly paid, are not entitled to overtime, and that, as such, Plaintiffs Piccolo and Sudlow are not entitled to bring any claims under the FLSA or the NYLL. I will now explain each of the three aforementioned elements in more detail.

1. <u>Employer-Employee Relationship</u>

You must determine whether Plaintiffs were employees of the Defendants during the relevant time periods of their alleged employment.

Under the Fair Labor Standards Act, the term "employer" is any person acting directly or indirectly in the interests of an employee in relation to an employee 29 U.S.C. 203(d). To "employ" someone means to suffer or permit a person to work 29 U.S.C. 203(e)(i). Under the New York Labor Law, an "employee" includes any individual employed or permitted to work by an employer in any occupation.

The overarching concern in determining who is an employer is whether the alleged employer possessed the power to control the worker in question, with an eye to the "economic reality" of the facts of the case, including whether the individual: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of pay; or (4) maintained employment records. No single factor is controlling in making this decision. <u>Herman v. RSR Sec. Servs. Ltd.,</u> 172 F. 3d 132, 139 (2d Cir. 1999); <u>Jiao v. Chen</u>, 2007 U.S. Dist. LEXIS 96480 at *32 (S.D.N.Y. 2007).

2.  Engaged in Commerce or Production of Goods

You must determine whether Plaintiffs were either: (1) an employee engaged in commerce or the production of goods for commerce; or (2) employed by an enterprise engaged in commerce or in the production of goods for commerce.  See 29 U.S.C. §§ 203(g), 206(a), 207(a).  The term "in commerce" has a broad meaning, and includes any business, trade, transportation, transmission, or communication between any place within one state and any place outside that state.  To be "engaged in the production of goods for commerce" means to be involved in producing, manufacturing, mining, handling or transporting goods, or in any manner working on such goods, or working in any closely related process or occupation directly essential to the production of goods for commerce.  Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353 (8th Cir. 1986); Reich v. ConAgra, Inc., 987 F.2d 1357, 1360 (8th Cir. 1993); United States v. Rosenwasser, 323 U.S. 360, 363 (1945).

The term "enterprise engaged in commerce" includes any enterprise engaged in trade, transportation, transmission or communication between any place within one state and any place outside that state. The term "enterprise engaged in the production of goods for commerce" means an enterprise involved in producing, manufacturing, mining, handling or transporting goods for commerce. In addition, to qualify as an enterprise engaged in commerce or the production of goods for commerce, the enterprise must have annual gross sales of at least $500,000.  See 29 U.S.C. § 203(s)(1); United States v. Rosenwasser, 323 U.S. 360, 363 (1945).

You must also decide whether Plaintiffs were outside salespersons.  An outside salesperson is an employee who makes sales and is customarily and regularly engaged away from the employer's place of business. See 29 C.F.R. § 541.500(a).  In order to determine whether Plaintiffs were outside salespersons, the following factors must be met: (i) an individual employed for the

4

purpose of making sales (or obtaining orders or contracts for services for which a fee would be paid by the client or customer; and (ii) who customarily and regularly worked away from his employer's place of business.  Id.

You must also decide whether Plaintiffs were highly compensated employees.  In order to be a highly compensated employee, an individual must earn more than $100,000.00 and perform at least one exempt duty or responsibility of an executive employee.  See 29 C.F.R. § 541.601; see also 29 C.F.R. § 541.601(c) ("A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties").

You must also decide whether Plaintiffs were executive employees of Defendants.  An executive employee is an employee who: (i) is compensated at least $455.00 per week on a salary basis; (ii) primarily manages a customarily recognized department of the employer; (iii) customarily and regularly directs the work of two or more other employees; and (iv) has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  See 29 U.S.C. § 541.100.

You must also decide whether Plaintiffs were subject to the Motor Carrier Act.  "Motor carrier" means "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14).  "Motor vehicle" means "a vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation."  See 49 U.S.C. § 13102(16). "a driver participating in interstate commerce" means engaging "in activities as a driver . . . [that] directly affect the safety of operation of motor vehicles in transportation in interstate or foreign commerce."  See 49 U.S.C. § 13501; 29 C.F.R. §§ 782.3, 782.7.  Such a driver is also described as "an individual who drives a motor vehicle in transportation . . . in interstate or foreign commerce

5

. . . [including] individuals whose driving duties are concerned with transportation some of which is in intrastate commerce and some of which is in interstate or foreign commerce." 29 C.F.R. § 782.3 (a).  A driver drives "in interstate commerce," even if the driver drives solely within one State, when the driver transports goods that have been shipped across state lines.   If a driver is transporting goods, which have been shipped across state lines, "'within the borders of one State [then that drive is nonetheless] involved in a 'practical continuity of movement' in the flow of interstate commerce," satisfying the "driving in interstate commerce" requirement for the Motor Carrier Act's application. Kennedy v. Equity Transp. Co., 663 F. App'x 38, 40 (2d Cir. 2016).

Also, to be subject to the Motor Carrier Act, the driver must operate a "commercial vehicle," which is defined in the Motor Carrier Act as a vehicle that has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, is designed to transport more than more than 8 passengers (including the driver) for compensation, or is used to transport more than 15 passengers, but not for compensation.  42 U.S.C. § 31132 (1).

You must also decide whether Defendants acted in good faith in how they paid Plaintiffs. To establish good faith, Defendants must have had an honest intention to ascertain and follow the dictates of the law and that they had reasonable grounds for believing that their conduct complied with the law.

### 3.  Hours Worked

You must also decide how many hours Plaintiffs worked, how many hours they were paid for, and at what rates.  The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.  Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed.  Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

Defendants are required to maintain accurate records of employees' hours worked.  If you find that the defendants failed to maintain accurate records of the plaintiffs' hours worked, you may determine that Plaintiffs have met their burden of proof based on plaintiffs' honest and reasonable estimate of their hours worked.  It is then up to Defendants to rebut Plaintiffs' estimate based on the evidence presented to you.

The FLSA requires employers to be conscientious, not clairvoyant, since the requirement to pay overtime wages kicks in only "once an employer knows or has reason to know that an employee is working overtime." See Kuebel v. Black & Decker Inc., 643 F.3d 352, 363 (2d Cir. 2011).  An employee cannot perform overtime work without the employer's knowledge or contrary to its instructions and then assert a right to be paid.  If "the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of [the FLSA] § 207." See Prince v. MND Hospitality, Inc., 2009 U.S. Dist. LEXIS 61637 (S.D. Tex. July 20, 2009) (citing Harvill v. Westward Communs., L.L.C., 433 F.3d 428, 441 (5th Cir. Tex. 2005).  Further, "[w]hile an employer must pay for work it suffers or permits, an employer cannot suffer or permit an employee to perform services about which the employer knows nothing." See Holzapfel v. Town of Newburgh, 145 F. 3d 516, 524 (2d Cir. 1998).

A "workweek" is a fixed and regularly recurring period of seven days or 168 hours, as designated by the employer.  It need not coincide with the calendar week but may begin on any day and at any hour of the day.

Under the law all workweeks stand alone. This means that it is necessary for you to determine the hours worked by the plaintiff on a "week-by-week" basis in determining whether they were not paid full overtime compensation for hours worked in excess of 40 hours during each

workweek.

Where there is a clear mutual understanding of the parties that the fixed salary is compensation for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest.  See 29 C.F.R. § 778-114.

Further, under the New York Labor Law, the term regular rate means the amount that the employee is regularly paid for each hour of work.  See 12 NYCRR § 142-2.16.  When an employee is paid on a salary basis or any basis other than an hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings.  Id.

I have prepared a special verdict form for you to use in recording your answer to this question.  I will explain the use of that form in my closing instructions.

**D.     Notice**

You must also determine whether Plaintiffs received notice of their pay rate.  New York law requires employers to provide employees at the time of hiring a written notice.  See New York Labor Law § 195(1).

If Plaintiffs received all compensation that they were entitled to receive, there is no requirement to provide this notice.  See New York Labor Law § 198(1-b).

You must also determine whether Plaintiffs received weekly notice of their wage paid.  New York law requires employers to provide employees such a weekly notice, which is typically in the form of a pay stub.  See New York Labor Law § 195(3).

8

If Plaintiffs received all compensation that they were entitled to receive, there is no requirement to provide this notice.  See New York Labor Law § 198(1-d).

**E.     Common Law Claims**

You must also determine whether Defendants converted property that is rightfully the Plaintiffs.

Conversion occurs where a plaintiff has legal ownership or a superior right of possession to property over which a defendant has exercised unauthorized control to the exclusion of plaintiff's right of possession. See Berman v. Sugo LLC, 580 F. Supp.2d 191, 206 (S.D.N.Y. 2008). A wrongful intention to possess property is not an element of conversion. See Fleet Capital Corp. v. Yamaha Motor Corp., USA, 2002 WL 32063614, *84 (S.D.N.Y. 2002).

The usual measure of damages in a conversion action is the value of the property at the time of the conversion, plus interest. See Marketxt Holdings Corp. v. Engel & Reiman, P.C., 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010) (quoting Fantis Foods, Inc. v. Standard Importing Co., Inc., 49 N.Y.2d 317, 326 (1980).

You must also determine whether Defendants were unjustly enriched at the Plaintiffs' expense.  Unjust enrichment occurs when defendant has obtained money, property or a benefit from plaintiff under such circumstances that, in fairness and good conscience, the money, property or benefit should not be retained by defendant. In those circumstances, the law requires that defendant repay, return to or compensate plaintiff.

The measure of damages for unjust enrichment claim is restricted to the "reasonable value of the benefit conferred by plaintiff on defendant" rather than plaintiff's loss. See Pure Power Boot Camp, Inc., v. Warrior Fitness Boot Camp, LLC, 813 F. Supp.2, 489, 534 (S.D.N.Y. 2011) (citing Giordano v. Thomson, 564 F.3d 163, 170 (2d Cir. 2009). Courts have held that "the question of

whether defendant has been 'unjustly enriched' or should 'in equity and good conscience' repay is a question for the Court after the jury has determined whether the facts are as claimed." <u>See Learning Annex Holdings, LLC v. Rich Global, LLC</u>, 2011 WL 3586138, *4-5 (S.D.N.Y. 2011) (<u>citing</u> 2 New York Pattern Jury Instructions: Comment to Instruction No. 4:2 ("It should . . . never be left to the jury to say whether defendant has been 'unjustly enriched' or should 'in equity and good conscience' repay.")

You must also determine whether Plaintiffs are entitled to damages under the theory of *quantum meruit*.  To do so, you need to determine whether Plaintiffs performed services in good faith; whether Defendants accepted the services; whether Plaintiffs expected compensation for their services; and what the reasonable value of the services was.  <u>See Guggenheimer v Bernstein Litowitz Berger & Grossmann LLP</u>, 11 Misc. 3d 926, 810 NYS2d 880 (Sup. Ct. New York Cty. 2006).

1. <u>DAMAGES</u>

Now, if you have found that Plaintiffs have proved their claims by a preponderance of the evidence, then you may consider what damages, if any, are due to them.  The fact that I give you instructions on damages should not be taken as an indication that I think that damages should be, or should not be, awarded.  That is a determination which is left entirely to you.  I am instructing you on principles governing damages awards so that, in the event you should find Defendants liable, you will know on what basis to consider any award of damages.  If you find that Plaintiffs were properly compensated by a preponderance of the evidence, then you should find in favor of Defendants and award no damages to Plaintiffs.

A. <u>FLSA and/or NYLL</u>

If you find by a preponderance of the evidence that Plaintiffs Piccolo and Sudlow were employees and were paid by Defendants less than the wage to which they were entitled under federal law, you must award to Plaintiffs Piccolo and Sudlow, respectively, the total amount of the unpaid wages and unpaid overtime compensation.

Therefore, if you find by a preponderance of the evidence that Plaintiffs Piccolo and Sudlow were paid by Defendants less than the wage to which they were entitled under the provisions of the New York State law, you must award to Plaintiffs Piccolo and Sudlow, respectively, the total amount of the unpaid wages and unpaid overtime compensation.

If you do not find that Plaintiffs Piccolo and Sudlow were improperly compensated by a preponderance of the evidence, then you should find in favor of the Defendants and award no damages.

## **GENERAL PRINCIPLES**

I will now instruct you on some general principles you will use in your deliberations.

### CREDIBILITY

In deciding whether or not the Plaintiffs have proven by a preponderance of the evidence the claims as I have described to you, you must weigh the evidence before you.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  The assumption that a witness will speak the truth may be dispelled by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the testimony given.

You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judgment the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly

12

made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence which tend to indicate whether a witness is worthy of belief. Your determination of the issue of credibility very largely must depend upon the impression that a witness makes upon you as to whether or not he or she is telling the truth or giving you an accurate version of what occurred.

<u>INTERESTED WITNESSES</u>

Consider each witness' motive and state of mind, possible partisanship in the case, and demeanor and manner while on the stand. Consider particularly the relationship each witness bears to either side of the case, the nature of that relationship, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The question really is, how did the witness impress you? Did the witness' version appear straightforward and candid or did the witness try to hide some of the facts? Is there a motive of any kind to testify falsely or truthfully or to shade the testimony offered? In other words, what you try to do, in plain English, is to size the person up, just as you would do in any important matter when you are undertaking to determine whether or not a person is being truthful, candid, straightforward, or otherwise reliable.

If you believe that witness has made an earlier statement that conflicts with his or her trial testimony, you should consider whether the witness purposely made a false statement or whether

it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency that appealed to your common sense.

FALSE TESTIMONY

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.  See Deering v. Metcalf, 74 NY 501 (1878); Petrovski v. Fornes, 125 AD2d 972, 510 NYS2d 366 (4th Dept. 1986) (citing PJI); Accardi v. New York, 121 AD2d 489, 503 NYS2d 818 (2d Dept. 1986) (citing PJI); Cibulski v. Hutton, 47 App. Div. 107, 62 NYS 166 (3d Dept. 1900); see also People v. Perry, 277 NY 460, 14 NE2d 793 (1938); Moett v. People, 85 NY 373 (1881); but see Annot: 4 ALR2d 1077.

The principle *falsus in uno* permits the jury to disregard in its entirety the testimony of a witness who has willfully given false testimony on a material matter, U.S. v Weinstein, 452 F.2d 704 (2d Cir 1971).  This common law maxim is permissive, not mandatory, and an instruction thereon is merely advisory, Hunter, Federal Trial Handbook, Ch. 33, § 33.13 (4th ed); see People v. Becker, 215 NY 126, 109 NE 127 (1915); see also U.S. v Jones, 880 F2d 55 (8th Cir. 1989); Parker v U.S., 801 F2d 1382 (DC Cir. 1986); People v. Whaley, 277 AD2d 151, 717 NYS2d 107 (1st Dept. 2000); People v. Johnson, 225 AD2d 464, 639 NYS2d 802 (1st Dept. 1996).

NUMBER OF WITNESSES IMMATERIAL

The weight of the evidence is not necessarily determined by the number of witnesses, or even one witness, testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses, or even one witness, as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. You may, of course, reach the opposite conclusion.

DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.  During the trial, testimony was presented to you by deposition.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

STATEMENTS OF COUNSEL

The statements, comments, arguments, demeanor, and tone of voice of the attorneys do not constitute evidence.  Nor does anything I have said or done.

JUROR'S RECOLLECTION GOVERNS

Your recollection governs.  Nobody else's.  Not the Court's – if I have made reference to the testimony – and not counsel's recollection.  It is your recollection that must govern during your deliberations.  If necessary during those deliberations, you may request a reading from the trial transcript that may refresh your recollection.

Please, as best you can, try to be as specific as possible in your requests for read backs; in other words, if you are interested only in a particular part of a witness' testimony, please indicate that to us.  It may take some time for us to locate the testimony in the transcripts, so please be

15

patient.  And, as a general matter, if there is ever a delay in responding to a jury note, please understand there is a reason for it.  None of us goes anywhere.  As soon as a jury note is delivered to the Court by the Marshal, we turn our attention to it immediately.

If you have any questions about the applicable law and you want a further explanation from me, or if you want to see any or all of the exhibits, send me a note.

INFERENCES

The attorneys in summing up have asked you to draw certain inferences from the evidence in this case.  Any inference you draw must be reasonably based on the evidence, and you may infer only such facts that your reason and common sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters that are not in evidence.

DELIBERATIONS

You are entitled to your own opinions but you should exchange views with your fellow jurors and listen carefully to each other.  Do not hesitate to change your opinion if you are convinced that another opinion is correct.  But each of you must make your own decision.

JURY CHARGE

In a few minutes, I will supply you with several copies of my instructions.  If you refer to these instructions, keep in mind that you should consider them as a whole.  Each part of these instructions is important in your deliberations.  And, most importantly, do not let my giving you my instructions discourage you from requesting further instructions or clarification from the Court.

GENERAL VERDICT FORM AND SPECIAL VERDICT FORM

When you retire to the jury room, you will also be given a verdict form that I have prepared for you to use in recording your decisions.   On this form, there are spaces to indicate your verdict on each of the Plaintiffs' claims against the Defendants.

The form also contains interrogatories, or written questions about some of the issues in this case.   These questions are to be answered "yes" or "no."  You should answer every question on this second form, except where the form indicates otherwise.  You should not answer any question one way to avoid answering a later question, but it may turn out that you do not have to answer every question.  Each question that you answer should be given individual consideration.

Do not assume from the wording of any question or from the fact that a question is asked that there is any particular answer that you are supposed to give. Your answers should be given solely on the basis of your assessment of the evidence and the application of these instructions of law. You should return a verdict on each claim.

Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.  Needless to say, if you have any questions about the verdict form, do not hesitate to ask the Court for further instructions.  When you are ready to report your verdict, check the verdict sheet carefully so that it accurately reflects the jury's verdict, and bring it to the courtroom when summoned by the Court.

COMMUNICATION WITH COURT

If you wish during your deliberations to communicate with the Court, for any reason, send me a note through the Marshal. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing, or, more likely than not, orally here in open court.

NO DISCUSSION

You will not discuss this case with anyone outside the jury room.  And that includes your fellow jurors. You will only discuss the case when all deliberating jurors are together, in the jury

17

room, with no one else present, behind the closed door.  At no other time is there to be any discussion about the merits of the case.

FOREPERSON

In order that your deliberations may proceed in an orderly fashion, you should have a foreperson.  Traditionally, juror number one acts as foreperson.

If juror number one prefers not to serve in that role, you can choose a foreperson however you deem appropriate, such as by asking for a volunteer.  The foreperson's vote is entitled to no greater weight than that of any other juror.

NOT TO REVEAL STATUS

Bear in mind also that you are not to reveal to any person – not even to the Court – how the jury stands numerically on the question of whether the Defendants are liable or not liable, until after you have reached a unanimous verdict for each defendant.  At that time, you should simply send me a note saying, "We have reached our verdict."  You will be summoned to the courtroom and the Clerk of the Court will take the verdict.

OATH

Your oath sums up your duty – and that is, without fear or favor to any person, you will well and truly try the issues before these parties according to the evidence given to you in court, and the laws of the United States.

**END OF JURY CHARGE**

Dated: Lake Success, New York
       November 7, 2018

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____

Joseph M. Labuda, Esq.
Brett W. Joseph, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
brett@mllaborlaw.com