UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PICCOLO, et ano.

                **Plaintiff,**

- against -

TOP SHELF PROVISIONS, CO., INC., et al.

                **Defendants.**
----------------------------------------------------------X

<u>VERDICT SHEET</u>

16 CV 6930 (GRB)

**November 13, 2018**

**GARY R. BROWN, UNITED STATES MAGISTRATE JUDGE.**

According to the principles as charged by the Court and the facts as you find them, please answer the following questions:

### I.  LIABILITY

Defendant TOP SHELF PROVISIONS CO., INC. ("TOP SHELF") has stipulated that it was an employer of Plaintiffs at all times relevant to this action. Defendants RICH DAHLEM and ANTHONY CICCIARI deny that they were an employer of the Plaintiffs at any time. Therefore, please answer the following question for Defendants RICH DAHLEM and ANTHONY CICCIARI only:

1. Have the Plaintiffs established by a preponderance of the evidence that the Defendant **RICH DAHLEM** was their employer during the period of time relevant to this lawsuit?

        YES __X__                NO _____

*If your answer to question this question is "no," then you have found a verdict in favor of Defendant Rich Dahlem and are directed not to answer any further questions concerning Rich Dahlem.*

*Court Exhibit #6 11/15/18*

2. Have the Plaintiffs established by a preponderance of the evidence that the Defendant **ANTHONY CICCIARI** was their employer during the period of time relevant to this lawsuit?

   YES __X__          NO _____

*If your answer to question this question is "no," then you have found a verdict in favor of Defendant Anthony Cicciari and are directed not to answer any further questions concerning Anthony Cicciari.*

3. Have the Plaintiffs established by a preponderance of the evidence that the Defendant(s) violated the Fair Labor Standards Act and the New York Labor law by failing to pay the Plaintiffs overtime wages?

|  | PICCOLO | | SUDLOW | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| TOP SHELF |  | X |  | X |
| [RICH DAHLEM] |  | X |  | X |
| [ANTHONY CICCIARI] |  | X |  | X |

4. Have the Plaintiffs established by a preponderance of the evidence that at the time each was hired, the Defendant(s) violated the New York Labor Law by failing to provide a written Time of Hire Wage Notice, including, among other things, their rate of pay and the basis thereof?

|  | PICCOLO | | SUDLOW | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| TOP SHELF | X |  | X |  |
| [RICH DAHLEM] | X |  |  | X |
| [ANTHONY CICCIARI] |  | X | X |  |

2

5. Have the Plaintiffs established by a preponderance of the evidence that the Defendant(s) violated the New York Labor Law by failing to provide them with pay stubs containing appropriate information, when they received wages?

|  | PICCOLO | | SUDLOW | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| TOP SHELF | X |  | X |  |
| [RICH DAHLEM] | X |  | X |  |
| [ANTHONY CICCIARI] | X |  | X |  |

**If you answered "No" to ALL of questions 1 through 5, you have found in favor of the Defendants. In that event, do not answer any further questions and the foreman should sign and date the verdict sheet and notify the Court in writing that you have reached a verdict and are ready to return to the Courtroom to announce your verdict.**

**If you answered "Yes" to any or all of questions 1-5, you have reached a verdict in favor of the Plaintiffs on that particular claim or claims. In that event, please proceed to the damages section which follows, for those claims to which you responded "yes."**

## II. DAMAGES

### Willfulness

*If you answered "Yes" to any of questions 1 through 5, please answer the following question.*

6. Have the Plaintiffs proven by a preponderance of the evidence that one or more of the Defendants knew of or showed reckless disregard for the Fair Labor Standard Act and the New York Labor Law overtime requirements?

3

|  | PICCOLO | | SUDLOW | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| TOP SHELF |  | X |  | X |
| [RICH DAHLEM] |  | X |  | X |
| [ANTHONY CICCIARI] |  | X |  | X |

**Good Faith**

*If you answered "Yes" to any of questions 1 through 5, please answer the following question.*

7. Have the Defendant(s) established by a preponderance of the evidence that they acted in good faith and objectively reasonable grounds in failing to pay Plaintiff(s) overtime wages?

|  | PICCOLO | | SUDLOW | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| TOP SHELF |  | X |  | X |
| [RICH DAHLEM] |  | X |  | X |
| [ANTHONY CICCIARI] |  | X |  | X |

**The FLSA and NYLL Overtime Claims**

8. Have the Defendant(s) established by a preponderance of the evidence the existence of an agreement governing overtime pay with the Plaintiffs?

     YES __X__          NO _____

9. If you have found that the Plaintiffs have established that they are entitled to compensation for overtime pay, please list the number of average hours per week that the Plaintiffs have established they worked, the number of uncompensated overtime hours per week, the overtime rate used to calculate their award, and the total amount awarded:

4

|  | AVERAGE HRS/WEEK | NUMBER OF UNCOMPENSATED OVERTIME HRS/WEEK | OVERTIME RATE | NUMBER OF WEEKS | TOTAL AMOUNT AWARDED |
|---|---|---|---|---|---|
| PICCOLO | 50 | 0 | N/A | 185.5 | $0 |
| SUDLOW | 50 | 0 | N/A | 25.0 | $0 |

*PLEASE IDENTIFY WHICH CORPORATE AND/OR INDIVIDUAL DEFENDANT(s) YOU FIND RESPONSIBLE FOR THESE DAMAGES:*

_____N/A_____

_____

### The NYLL Time of Hire Wage Notice Claim

*If you answered "yes" to any of question 4, please answer the following question:*

10. How much do you award the Plaintiff(s) for Defendant(s)' failure to provide a New York Labor Law Time of Hire Wage Notice when they were hired? ($50.00 per day with a maximum of $5,000.00)

|  | Total Awarded | Defendant(s) responsible |
|---|---|---|
| PICCOLO | $5,000.00 | Top Shelf, Rich Dahlem |
| SUDLOW | $5,000.00 | Top Shelf, Anthony Cicclari |

### The NYLL Failure to Provide Pay Stubs Claim

*If you answered "yes" to any of question 5, please answer the following question:*

5

11. How much do you award the Plaintiff(s) for Defendant(s)' failure to provide adequate pay stubs? ($250.00 per week with a maximum of $5,000.00)

|          | Total Awarded | Defendant(s) responsible |
|----------|---------------|--------------------------|
| PICCOLO  | $5,000.00     | Top Shelf, Rich Dahlem, Anthony Cicciari |
| SUDLOW   | $5,000.00     | Top Shelf, Rich Dahlem, Anthony Cicciari |

12. Did Plaintiffs establish that improper deductions were made from their pay?

   YES _____      NO __X__

**Defenses**

13. Have the Defendant(s) established by a preponderance of the evidence that, viewed from the mind of the out of state shipper, the shipments handled by Plaintiff(s) were being made to a warehouse for future delivery to an identified customer?

   YES _____      NO __X__

14. Have the Defendant(s) established by a preponderance of the evidence that Plaintiffs' primary duty was to make sales?

| PICCOLO | | SUDLOW | |
|---------|---|--------|---|
| YES | NO | YES | NO |
| X |   | X |   |

6

15. Have the Defendant(s) established by a preponderance of the evidence that Plaintiff LOUIS PICCOLO was a highly compensated employee?

YES _____          NO __X__

**Foreperson please sign and date the verdict sheet and advise the Court by note that you have reached a verdict, and you are ready to return to the Courtroom to announce your verdict.**

Dated: Central Islip, New York
　　　　November 15, 2018

　　　　　　　　　　　　　　　　　　　　　_Jeanne Rowland_
　　　　　　　　　　　　　　　　　　　　　Foreperson