Counseling and Advising Clients Exclusively on Laws of the Workplace

# Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

January 18, 2019

**<u>*VIA* ELECTRONIC CASE FILING</u>**

The Honorable Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

        Re:    Piccolo v. Top Shelf Provisions, et al.
                <u>16-CV-06930 (GRB)</u>

Your Honor:

      We write in response to the Motion for Judgment as a Matter of Law served upon Plaintiff at 11:43 p.m. on January 15, 2019.[1] Defendants seek to set aside the Jury's Award of $5,000.00 to each Plaintiff Piccolo and Plaintiff Sudlow under N.Y. Lab. Law § 195(1) and the Jury's Award of $5,000.00 to each Plaintiff Piccolo and Plaintiff Sudlow under N.Y. Lab. Law § 195(3). Defendants' Motion must be denied both as a matter of procedure and as a matter of law.

<u>Defendants' Motion must be Denied because they Failed to Obey the Court's Order</u>

      Defendants' Motion must be denied because they failed to follow Your Honor's Order regarding the submission of post-trial motions. Specifically, Your Honor Ordered that any party seeking to make a post-trial motion must order and obtain a copy of the trial transcript. Defendants have again failed to comply with Your Honor's Order as they have not secured a copy of the trial transcript and

---

[1] We note that Defendants did not file the Motion for Judgment as a Matter of Law at this time. However, as the Motion was improperly made – in that Defendants did not order a copy of the trial transcripts – Plaintiffs did not seek to wait until the end of the briefing schedule to make Your Honor aware of the defective nature of Defendants' Motion.

**Z**<sub></sub> Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

January 18, 2019
Page 2 of 4

further failed to include it as an exhibit. Defendants' failure to obtain the transcript despite a direct Order to do so must result in denial of their motion.

Moreover, Defendants' failure to obtain the transcript is unduly prejudicial to Plaintiffs. It is unreasonable for Defendants to engage in a fact intensive analysis of the findings of the jury without the seven (7) days of testimony that was presented to the Jury. Defendants identify the standard by which their motion must be analyzed as "judgment as a matter of law is warranted against a party where 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Morse v. Fusto*, 804 F.3d 538, 546 (2d Cir. 2015). Consideration under this standard cannot be made when the transcript of the trial testimony has not been produced. There cannot be a finding of reasonableness based upon evidence presented without the inclusion of the evidence that was presented. Therefore, Defendants' Motion must be denied as a matter of procedure.

<u>Defendants' Fail to Establish the Affirmative Defense</u>

Should the Court decide to consider Defendants' motion on substantive grounds, despite their failure to order the transcript, it must similarly be denied. The evidence does not support Defendants' affirmative defenses. The standard for the affirmative defenses contained in NYLL § 198(1)(b) and NYLL § 198(1)(d) are identical. Defendants must demonstrate that they "made complete and timely payment of all wages due." N.Y. Lab. Law § 198. Accordingly, to obtain a judgment setting aside the jury's decision and award, Defendants must prove that either the jury found that Defendants made complete and timely payment of all wages due to Plaintiffs or that no reasonable jury could find that Defendants did not make complete and timely payment of all wages due to Plaintiffs.

The Jury was not directly asked to determine whether or not Defendants made *complete* and *timely* payments for all wages due to Plaintiffs. However, the jury did make an indirect conclusion, as indicated in the verdict form, that Defendants failed to make complete and timely payments. Specifically, when addressing whether Plaintiffs were entitled to damages for Defendants' violation of NYLL §§ 195(1) and 195(3), the jury was instructed that they could only award damages if they found that the Defendants did not make complete and timely payments to Plaintiffs. *See* Exhibit B, p. 48. Thus, it is clear that the jury was cognizant of the standard and found Defendants failed to demonstrate that they made complete and timely payments to Plaintiffs.



Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

January 18, 2019
Page 3 of 4

   The jury's finding that the Plaintiffs are not entitled to any overtime wages is not akin to a finding that Defendants made *complete* and *timely* payment of all wages due. For example, complete payment of wages at a time after they became due and owing would not be considered timely payment. Plaintiffs provided evidence of paychecks issued to each employee that contained wages at an amount lesser than their typical salary amounts. *See* Exhibit 1 (Documents Bates Stamped P000260 and P000264 contained within Plaintiffs' Trial Exhibit 9) and Exhibit 2 (Documents Bates Stamped P000295 contained within Plaintiffs' Trial Exhibit 19). Defendants could not explain why the paychecks were issued for a lesser amount than Plaintiffs were owed. Defendants also emphatically testified that deductions were made from Plaintiffs' pay. Defendant Dahlem specifically testified that he made deductions from Plaintiff Piccolo's pay more frequently than any other employee. The Defendants also testified that Plaintiffs were paid commissions but could not provide an answer as to how the commissions were calculated, when commissions were earned, when they became due and owing, or when they were paid. Accordingly, Defendants could not provide with certainty that the payment of commissions were complete or timely. In fact, Defendants failed to produce documentary evidence demonstrating that the commissions were even paid. Thus, Defendants cannot meet their burden of establishing that no reasonable jury could have concluded that they did not make complete and timely payment of all wages due to the Plaintiffs.

<u>Plaintiffs were each Employees as defined by the New York Labor Law</u>

   Defendants are incorrect in their assertion that Plaintiffs are not Employees subject to Article 6, Section 195 of the NYLL. Worse yet, Defendants advance a deliberate misinterpretation of the law. In analyzing Plaintiffs eligibility for damages under Article 6, Section 195, Defendants apply the definition of Employee contained in Article 19 of the New York Labor Law, which only relates to the payment of the minimum wage. Section 651 specifically identifies that the definition of employee is for the use within Article 651 only. Comparatively, Article 6, Section 190 defines employees as "any person employed for hire by an employer in any employment." This is the proper definition of "employee" in the context of Defendants' failure to comply with Article 6, Section 195 of the NYLL. For reference, "employee" is defined in seven (7) different Articles of the NYLL. Defendants cherry-picked the definition that fit their purpose, but not the law as written, and deliberately mispresented to the Court its application. Additionally, Defendants stipulated to the fact that each Plaintiff is an "employee" within the

**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

January 18, 2019
Page 4 of 4

meaning of the NYLL in the Joint Pre-Trial Order filed with the Court. *See* Exhibit 3, at p. 6.

Conclusion

      For the reasons aforementioned herein, Defendants' Motion for Judgment as a Matter of Law must be denied in its entirety on procedural and substantive grounds. Upon a denial, Plaintiffs' respectfully request a schedule be entered permitting an application for attorneys' fees and costs as successful litigants. Plaintiffs propose a bifurcated fee application, wherein, Plaintiffs would first seek an entitlement of fees as the prevailing party for claims brought under NYLL § 195(1) and NYLL § 195(3). We note that NYLL § 198 allows for an award of attorneys' fees and costs for successful claims brought under NYLL § 195(1) and NYLL § 195(3). If Your Honor determines that Plaintiffs are entitled to an award of attorneys' fees and costs, will then submit an application requesting the amount that should be awarded.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Saul D. Zabell

cc:    Client
       Joseph M. Labuda, Esq.; Brett W. Joseph, Esq. (*via* Electronic Case Filing)