UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LOUIS PICCOLO, *et ano.*

                        Plaintiffs,

                                               **MEMORANDUM & ORDER**

          -against-                                16-CV-6930 (GRB)

TOP SHELF PROVISIONS CO. INC., RICH
DAHLEM and ANTHONY CICCARI.

                        Defendants.
----------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

       In this action, plaintiffs Louis Piccolo and John Sudlow brought claims against their former employers, defendants Top Shelf Provisions Co. Inc., Rich Dahlem, and Anthony Ciccari, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging that defendants failed to pay plaintiffs overtime pay and minimum wage and failed to furnish a hiring notice and regular wage statements. *See generally* Docket Entry No. ("DE") 1. The case was tried before a jury for approximately seven days and, following substantial deliberation, the jury reached an exacting, detailed verdict. *See generally* DE 145. The jury found in favor of plaintiffs only with respect to the notice claims, finding that plaintiffs failed to meet their burden regarding the overtime and minimum wage claims. *Id.* at 2–3. The jury awarded each plaintiff $5,000 for failure to provide the hiring notice and awarded each plaintiff $5,000 for failure to provide regular wage statements. *Id.* at 5–6.

       Defendants now move for a judgment as a matter of law, pursuant to Rule 50(b) of the

Federal Rules of Civil Procedure, as to the notice violations for which they were found liable. DE 148.

## DISCUSSION

"A Rule 50 motion may be granted only when, considering the evidence in the light most favorable to the non-moving party and drawing all reasonable evidentiary inferences in that party's favor, there was "no legally sufficient evidentiary basis for a reasonable jury to find" in favor of the non-moving party." *Nimely v. City of N.Y.*, 414 F.3d 381, 389 (2d Cir. 2005) (quoting Fed. R. Civ. P. 50(a)); *see also Kerman v. City of N.Y.*, 374 F.3d 93, 118 (2d Cir. 2004) ("The standard for judgment as a matter of law is the same as the standard for summary judgment."). This motion is decided based upon the well-established standard for the consideration of motions under Rule 50(b), which is discussed in detail in *Anderson v. Aparicio*, 25 F. Supp. 3d 303, 308 (E.D.N.Y. 2014), *aff'd and remanded sub nom. Anderson v. Cty. of Suffolk*, 621 F. App'x 54 (2d Cir. 2015), which discussion is hereby incorporated by reference. "Where a party attempts to meet the heavy burden of overturning a jury verdict based upon the weight of the evidence, the failure to present the Court with record evidence to substantiate its claims—standing alone—provides sufficient basis to deny the motion." *Id*. at 309.

This Court maintains an individual practice rule codifying this principle, which provides that "[p]arties should cite to the record – including to specific transcript pages – in . . . any motions predicated on evidence adduced at a hearing or trial (e.g., [ ] motion for judgment as a matter of law, ). **Failure to provide citations to the record constitutes grounds for denial.**" Individual Practice Rules of Magistrate Judge Gary R. Brown at 7 (emphasis in original). Yet defendants' counsel not only failed to obtain a copy of the trial transcript and provide appropriate

citations, but also erroneously insists that he was under no obligation to do so. *See* DE 150 at 10.

For the reasons set forth in *Anderson*, *supra*, based on defendants' failure to provide adequate evidence to support its assertions, this Court will not disturb the careful findings by the jury in this case, which were made after consideration of extensive evidence, long deliberations and reflected admirable thoughtfulness. Defense counsel also belatedly offers to "obtain a copy of the trial transcript and resubmit the instant motion at a later date." DE 150 at 10. Of course, such a renewed motion would be untimely under Rule 50(b). Moreover, for the reasons that follow, such a motion need not be considered.

On this motion, defendants present three arguments in favor of setting aside the jury's verdict. First, defendants repeatedly assert that the jury found "that Plaintiffs were completely and properly paid," and that such finding constitutes a defense to the notice violations. *See*, *e.g.*, DE 148-2 at 4. This argument is easily dispatched because *the jury made no such finding*. DE 145. In fact, the jury was specifically charged that they could not find for plaintiffs on the notice violations if they determined that plaintiffs had been completely and properly paid, such that the jury's verdict appears to undermine defendants' position. *See* DE 148-4 at 48. Moreover, though the defendants failed to submit the record, the Court recalls conflicting evidence on this point.

Second, defendants argue that because the jury found that the plaintiffs were "outside salesmen," they are excluded from the definition of "employee" under the New York Labor Law. This argument predicated solely upon a definition contained in NYLL § 651(5)(d), and the applicability of this section to Article 6's notice requirements seems tenuous at best. *Compare* NYLL § 190(2), *with* NYLL § 651(5)(d). More to the point, however, defendants are factually

precluded from raising this argument as they stipulated that plaintiffs were "employees" under the NYLL. DE 130 at 6.

Finally, defendants assert that there is no private right of action under 195(1) and 195(3) of the New York Labor Law. In a pre-trial ruling on a motion to strike, the undersigned rejected this precise argument and dismissed an affirmative defense predicated on this notion. DE 151-2; *cf.* NYLL § 198(1)(d) (private right of action for failure to provide wage statements).

Thus, because the instant motion is procedurally improper, not adequately supported by evidence, and appears to be without factual or legal merit, it is hereby DENIED in its entirety.

## **CONCLUSION**

For the reasons set forth above, defendants' motion is DENIED. Counsel are directed to meet and confer to resolve any remaining issues, including the question of attorneys' fees. Any additional motions shall be filed, in accordance with the Court's individual rules, on or before September 15, 2019.

Dated: Central Islip, New York
      August 7, 2019

                                                  /s/ Gary R. Brown
                                                  GARY R. BROWN
                                                  United States Magistrate Judge